**Department of Justice**
**United States District Court For**
**The District of Massachusetts**
1 Courthouse Way
Boston, MA 02210

05 11300 NMG

Docket No.: CC-05-0046

|   |   |
|---|---|
| Ileana Valdez | ) |
|  | ) |
| v. | ) |
|  | ) |
| D E A | ) |

MAGISTRATE JUDGE Bowler

RECEIPT # 65131
AMOUNT $
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 6/22/05

Property being Claimed: $ 46,950 U.S. Currency

Claimant – Ileana Valdez

Claimant Interest in Property – Owner

Seizure Date: 2/3/05

Seizure Place: Boston

Asset ID:       05-DEA-447287

Case Number: CC-05-0046

PETITIONER'S CLAIM PURSUANT TO TITLE 18, U.S.C.,
SECTION 983(A)(2)(D) FOR REMISSION OF SEIZEED ASSETS

**Statement Of Facts In Support Of Petitioner's Request For Remission/Mitigation Of Asset Forfeiture**

The Petitioner in this matter is a twenty-six year old Hispanic female with an address at 60 Sixth Street, #2, Quincy, MA 02169. The Petitioner has a four year old child, Christopher Presinal, date of birth June 9, 2001. The child was born in the United States

1

and resides with the Petitioner at her Quincy address. Ms. Valdez is a naturalized U.S. citizen having entered the United States as a permanent resident in 1995. The Petitioner does not have a criminal record neither in Massachusetts nor in any other state.

On or about February 3, 2005, Petitioner was stopped at Logan Airport, Boston, by Drug Enforcement Agents with $ 46,950 in U.S. currency. The money was seized by the Logan Airport Drug Unit and subjected to forfeiture proceedings. At the time of the seizure, the Petitioner disclosed to the airport officials that some of the money was to be used to do cosmetic/plastic surgery in Texas.

As mentioned above, Petitioner has no prior criminal history. She has never been arrested neither in the United States, nor in any other country. She has been consistently employed, almost always working two jobs to sustain herself and her family and to create assets through investments in various enterprises.

In or about 2003, Petitioner withdrew all her funds from two banks and kept those funds at her home. The purpose was to prevent collection agents from attaching those funds as her insurance company had refused to pay for damages to a vehicle that was owned by her but driven by her friend. As a result, income derived from her investment activities have been kept in cash and at her home.

Petitioner has over the years invested in real estate (see attachments). Over the last two years, she has sold two pieces of real estate and a multi-service business (see

2

attachments). In March 2001, she sold a piece of property that she owned on 11 Jess Street, Jamaica Plain, MA 02130. The sale price was $ 265,000. In June 2003, she sold another piece of property that she owned on 68 Williams Street, Jamaica Plain, MA 02130. The sale price was $ 500,000 (see attachments). Both pieces of property were owned with her common law husband, Elvis Presinal, who is also the father of their four year old child.

In or around May 2002, the Petitioner sold a multi-service business in Dorchester, MA, for $ 23,400 (see attachments). In 2003, Petitioner's friend was involved in a vehicle accident in which she was the owner. The insurance refused to pay for the vehicle and fearing that the Bank would seize her funds to compensate for the loss (Sovereign Bank held the lien on the car), the Petitioner withdrew all her funds from two banks - Sovereign and the then Fleet Bank, now Bank of America - and held her funds at her home. Total funds withdrawn exceeded $ 20,000. At that time, the Petitioner was also in collection or was about to be placed in collections for the uncompensated loss which would have led to a greater risk of seizure of her funds.

Contrary to what was represented by the agent, cosmetic surgery has been recommended for the Petitioner. Her skin condition makes such surgery not only advisable but some would say a necessity. The Petitioner is twenty-six years old with a skin condition that would be addressed by cosmetic surgery. The Petitioner disclosed to the agents that she had those funds with her because she did not know how much the surgery was going to cost and how much hospitalization would be needed, or if a hotel stay for recuperation

would be required. Besides, Petitioner did not want to risk leaving those funds in her home not knowing for how long she would be in Texas.

The Petitioner is industrious and ambitious and has been taking care of her four year old son single - handedly since her relationship with the father and her common law husband ended. The money seized is not tied to any drug or illegal activity. On the contrary, it came from years of hard work.

Finally, Petitioner suffered humiliation and indignities when a male drug enforcement agent asked to see her buttocks to see if she needed cosmetic surgery. Petitioner refused but stated that she would allow a female agent to inspect her.

The Petitioner respectfully requests that this Court order that those funds seized on February 3, 2005, be returned to her as the rightful owner of those funds. Petitioner states that those funds came from legitimate business activity and were not associated with illegal drug activity or contraband.

Respectfully Submitted,
Ileana Valdez, Petitioner
By her Attorney,

Tony V. Blaize, Esq. (BBO# 561059)
Law Offices of Tony V. Blaize & Associated, P.C.
15 Court Square, Suite 320
Boston, MA 02128
617-227-6060

Date: June 21, 2005

EXHIBIT 1





Case 1:05-cv-11300-NMG     Document 1     Filed 06/22/2005     Page 6 of 15

☑ NEW FILING
☐ RENEWAL

**BUSINESS CERTIFICATE**
**City of Boston**

This Certificate Expires: DEC 0 1 2007

*(for administrative use only)*

Under the provisions of Chapter One Hundred Ten, Section Five of the General Laws, as amended, the undersigned hereby declares that a business under the title of:

Iliana's Multiservice
*(please print)*

is being conducted at: 1446 Dorchester av, Dorchester M.A. 02122
ZIP CODE

BY THE FOLLOWING-NAMED
PERSONS OR CORPORATION:

| FULL NAME | CORPORATION OR RESIDENCE ADDRESS |
|---|---|
| Ileana Valdez | 40 French st apt 26 Quincy MA 0216 |

SIGNED: *(signature)*

**IMPORTANT NOTICE:** This Certificate expires four years from the date of issue. If you cease conducting business before that time, the law requires that you contact the City Clerk and withdraw this Certificate.

Local Telephone Number: 617-288-3200    Type of Business: Multiservice

**THE COMMONWEALTH OF MASSACHUSETTS**

Suffolk: ss.                                              Date: December 1, 2003

Personally appeared before me, the above-named
Ileana De las Milagros Valdez
On this date and made oath that the foregoing statement is true.

*(signature)*
Justice of the Peace
CH. 227, sec. 5A ☐   Notary Public
Seal                  My commission expires: 08, 29, 08

X-6422                Non-residents: Please see reverse side.

From the Office of:

STANDARD FORM
PURCHASE AND SALE AGREEMENT

This **10th** day of **March** 19**2001**

1. **PARTIES AND MAILING ADDRESSES**

    (fill in)

    **Sugenis M. Diaz**

    hereinafter called the SELLER, agrees to SELL and

    **Elvis Presinal and Ileana Valdez**

    hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises:

2. **DESCRIPTION**

    (fill in and include title reference)

    **11 Jess Street, Jamaica Plain, MA 02130**

3. **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES**

    (fill in or delete)

    Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith including, if any, all wall-to-wall carpeting, drapery rods, automatic garage door openers; venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposers, electric and other lighting fixtures, mantels, outside television antennas, fences, gates, trees, shrubs, plants; and, ONLY IF BUILT IN, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers; and

    but excluding

4. **TITLE DEED**

    (fill in)

    *Include here by specific reference any restrictions, easements, rights and obligations in party walls not included in (b), leases, municipal and other liens, other encumbrances, and make provision to protect SELLER against BUYER's breach of SELLER's covenants in leases, where necessary.*

    Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except

    (a) Provisions of existing building and zoning laws;
    (b) Existing rights and obligations in party walls which are not the subject of written agreement;
    (c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
    (d) Any liens for municipal betterments assessed after the date of this agreement;
    (e) Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the current use of said premises;
    (f)

5. **PLANS**

    If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

6. **REGISTERED TITLE**

    In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

7. **PURCHASE PRICE**

    (fill in). space is allowed to write out the amounts if desired

    The agreed purchase price for said premises is **$265,000**

    dollars, of which

    $ 1,000.00     have been paid as a deposit this day and
    $
    $ 264,000     are to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's or bank check(s)

    $ 265,000     TOTAL

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991
GREATER BOSTON REAL ESTATE BOARD

All rights reserved. This form may not be copied or reproduced in whole or in part in any manner whatsoever without the prior express written consent of the Greater Boston Real Estate Board.

8. **TIME FOR PERFORMANCE; DELIVERY OF DEED** *(fill in)*

Such deed is ~~to~~ be delivered at _____ o'clock ____M. on the 27 day of April 19 2001, at the Registry of Deeds, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement.

9. **POSSESSION AND CONDITION OF PREMISE.** *(attach a list of exceptions, if any)*

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to inspect said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause.

10. **EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM** *(Change period of time if desired).*

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto, unless the SELLER elects to use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty _____ days.

11. **FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM, etc.**

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

12. **BUYER's ELECTION TO ACCEPT TITLE**

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either:

(a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or

(b) if a holder of a mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration.

13. **ACCEPTANCE OF DEED**

The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

14. **USE OF MONEY TO CLEAR TITLE**

To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed.

15. **INSURANCE** *Insert amount (list additional types of insurance and amounts as agreed)*

Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

| Type of Insurance | Amount of Coverage |
|---|---|
| (a) Fire and Extended Coverage | "AS IS"  $ |
| (b) | |

16. **ADJUSTMENTS** *(list operating expenses, if any, or attach schedule)*

Collected rents, mortgage interest, water and sewer use charges, operating expenses (if any) according to the schedule attached hereto or set forth below, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed. Uncollected rents for the current rental period shall be apportioned if and when collected by either party.

**STANDARD FORM
PURCHASE AND SALE AGREEMENT**

From the Office of:
CENTURY 21 PONDSIDE REALTY
619 CENTRE STREET
JAMAICA PLAIN MA 02130
617 524-6900

This ___27TH___ day of ___JUNE___ ___2003___

1. **PARTIES AND MAILING ADDRESSES**
   *(fill in)*

   ELVIS PRESINAL, ILEANA VALDEZ
   11 JESS STREET, JAMAICA PLAIN, MA. 02130

   hereinafter called the SELLER, agrees to SELL and

   ALBERTO ROMERO
   47 DALRYMPLE STREET, JAMAICA PLAIN, MA. 02130

   hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following described premises: LAND AND BUILDING KNOWN AND NUMBERED AS

2. **DESCRIPTION**
   *(fill in and include title reference)*

   68 WILLIAMS STREET, JAMAICA PLAIN, MA. 02130

3. **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES**
   *(fill in or delete)*

   Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith including, if any, all wall-to-wall carpeting, drapery rods, automatic garage door openers, venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposers, electric and other lighting fixtures, mantels, outside television antennas, fences, gates, trees, shrubs, plants, and, ONLY IF BUILT IN, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers; and

   but excluding

4. **TITLE DEED**
   *(fill in)*
   * Include here by specific reference any restrictions, easements, rights and obligations in party walls not included in (b), leases, municipal and other liens, other encumbrances, and make provision to protect SELLER against BUYER's breach of SELLER's covenants in leases, where necessary.

   Said premises are to be conveyed by a good and sufficient quitclaim deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven ___7___ days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except
   (a) Provisions of existing building and zoning laws;
   (b) Existing rights and obligations in party walls which are not the subject of written agreement;
   (c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
   (d) Any liens for municipal betterments assessed after the date of this agreement;
   (e) Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the current use of said premises;
   *(f)

5. **PLANS**

   If said deed refers to a plan necessary to be recorded therewith the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

6. **REGISTERED TITLE**

   In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

7. **PURCHASE PRICE**
   *(fill in); space is allowed to write out the amounts if desired*

   The agreed purchase price for said premises is  FIVE-HUNDRED THOUSAND
   DOLLARS and 00/100------------------------------------ dollars, of which
   $       500.00   have been paid as a deposit this day and
   $    24,500.00   FROM BUYER AT PURCHASE & SALE AGREEMENT
   $   475,000.00   are to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's or bank check(s).
   $ _____
   $   500,000.00   TOTAL

COPYRIGHT © 1979, 1984, 1986, 1987, 1988, 1991
GREATER BOSTON REAL ESTATE BOARD
Rev. 1999          Form No. R3576



All rights reserved. This form may not be copied or reproduced in whole or in part in any manner whatsoever without the prior express written consent of the Greater Boston Real Estate Board.    CWV 50

| | | |
|---|---|---|
| 8. | TIME FOR PERFORMANCE; DELIVERY OF DEED (fill in) | Such deed is to be delivered at 12:00 o'clock P. M. on the 15th day of JULY 2003, at the Suffolk County Registry of Deeds, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement. |
| 9. | POSSESSION AND CONDITION OF PREMISE. (attach a list of exceptions, if any) | Full possession of said premises FULL all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions of any instrument referred to in clause 4 hereof. The BUYER shall be entitled to personally enter said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause. 2ND AND 3RD FLOOR APT TO BE DELIVERED VACANT ON OR BEFORE CLOSING |
| 10. | EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM (Change period of time if desired). | If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto, unless the SELLER SHALL use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period of thirty 30 days. |
| 11. | FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM, etc. | If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession, or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. |
| 12. | BUYER's ELECTION TO ACCEPT TITLE | The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either <br>(a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or <br>(b) if a holder of a mortgage on said premises shall not permit the insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration. |
| 13. | ACCEPTANCE OF DEED | The acceptance of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed. |
| 14. | USE OF MONEY TO CLEAR TITLE | To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed. |
| 15. | INSURANCE *Insert amount (list additional types of insurance and amounts as agreed) | Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows: <br>Type of Insurance — Amount of Coverage <br>(a) Fire and Extended Coverage — *$ <br>(b) — AS PRESENTLY INSURED |
| 16. | ADJUSTMENTS (list operating expenses, if any, or attach schedule) | Collected rents, mortgage interest, water and sewer use charges, operating expenses (if any) according to the schedule attached hereto or set forth below, and taxes for the then current fiscal year, shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed. Uncollected rents for the current rental period shall be apportioned if and when collected by either party. |

Copyright © 1979, 1984, 1986, 1987, 1988, 1991 Greater Boston Real Estate Board. All rights reserved.

| | | |
|---|---|---|
| | ADJUSTMENT OF UNASSESSED AND ABATED TAXES | If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained, and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed. |
| 18. | BROKER's FEE *(fill in fee with dollar amount or percentage; also name of Brokerage firm(s))* | A Broker's fee for professional services of 5% OF THE SALE PRICE ($25,000.00) is due from the SELLER to CENTURY 21 PONDSIDE REALTY the Broker(s) herein, but if the SELLER pursuant to the terms of clause 21 hereof retains the deposits made hereunder by the BUYER, said Broker(s) shall be entitled to receive from the SELLER an amount equal to one-half the amount so retained or an amount equal to the Broker's fee for professional services according to this contract, whichever is the lesser. |
| 19. | BROKER(S) WARRANTY *(fill in name)* | The Broker(s) named herein CENTURY 21 PONDSIDE REALTY warrant(s) that the Broker(s) is(are) duly licensed as such by the Commonwealth of Massachusetts. |
| 20. | DEPOSIT *(fill in name)* | All deposits made hereunder shall be held in escrow by CENTURY 21 PONDSIDE REALTY as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement. In the event of any disagreement between the parties, the escrow agent may retain all deposits made under this agreement pending instructions mutually given in writing by the SELLER and the BUYER. |
| 21. | BUYER's DEFAULT; DAMAGES | If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages unless within thirty days after the time for performance of this agreement or any extension hereof, the SELLER otherwise notifies the BUYER in writing. |
| 22. | RELEASE BY HUSBAND OR WIFE | The SELLER's spouse hereby agrees to join in said deed and to release and convey all statutory and other rights and interests in said premises. |
| 23. | BROKER AS PARTY | The Broker(s) named herein join(s) in this agreement and become(s) a party hereto, insofar as any provisions of this agreement expressly apply to the Broker(s), and to any amendments or modifications of such provisions to which the Broker(s) agree(s) in writing. |
| 24. | LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc. | If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder. |
| 25. | WARRANTIES AND REPRESENTA- TIONS *(fill in); if none, state "none"; if any listed, indicate by whom each war- anty or represen- tation was made* | The BUYER acknowledges that the BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except for the following additional warranties and representations, if any, made by either the SELLER or the Broker(s): NONE |
| 26. | MORTGAGE CONTINGENCY CLAUSE *(omit if not provided for in Offer to Purchase)* | In order to help finance the acquisition of said premises, the BUYER shall apply for a conventional bank or other institutional mortgage loan of $ 450,000.00 at prevailing rates, terms and conditions. If despite the BUYER's diligent efforts a commitment for such loan cannot be obtained on or before JULY 8, 2003 the BUYER may terminate this agreement by written notice to the SELLER and/or the Broker(s), as agent(s) for the SELLER, prior to the expiration of such time, whereupon any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. In no event will the BUYER be deemed to have used diligent efforts to obtain such commitment unless the BUYER submits a complete mortgage loan application conforming to the foregoing provisions on or before JUNE 30, 2003. |

Copyright © 1979, 1984, 1986, 1987, 1988, 1991 Greater Boston Real Estate Board. All rights reserved.    Page 3

| | | |
|---|---|---|
| | CONSTRUCTION OF AGREEMENT | This in__ __nent, executed in multiple counterparts, is to b__ __nstrued as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this agreement or to be used in determining the intent of the parties to it. |
| 28. | LEAD PAINT LAW | The parties acknowledge that, under Massachusetts law, whenever a child or children under six years of age resides in any residential premises in which any paint, plaster or other accessible material contains dangerous levels of lead, the owner of said premises must remove or cover said paint, plaster or other material so as to make it inaccessible to children under six years of age. |
| 29. | SMOKE DETECTORS | The SELLER shall, at the time of the delivery of the deed, deliver a certificate from the fire department of the city or town in which said premises are located stating that said premises have been equipped with approved smoke detectors in conformity with applicable law. |
| 30. | ADDITIONAL PROVISIONS | The initialed riders, if any, attached hereto, are incorporated herein by reference. |

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED
LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

SELLER (or spouse)  ILEANA VALDEZ          SELLER  ELVIS PRESINAL
Taxpayer ID/Social Security No. _____   Taxpayer ID/Social Security No. _____

BUYER  ALBERTO ROMERO                      BUYER
Taxpayer ID/Social Security No. _____   Taxpayer ID/Social Security No. _____

CENTURY 21 PONDSIDE REALTY     Broker(s)

Copyright © 1979, 1984, 1986, 1987, 1988, 1991 Greater Boston Real Estate Board. All rights reserved.            Page 4

# PURCHASE AND SALE AGREEMENT
## SALE BY OWNER

**DATE:**
This Agreement is made on the   **12th**   day of   **May**   2002

**PARTIES AND MAILING ADDRESS:**
**Ileana Valdez**   of
40 French Street, Apt. #26
Quincy, MA 02169
Hereinafter called the SELLER, agrees to SELL and
**Lucette Cameron**   of
162 Centre Street, Apt. #1
Roxbury, MA 02119
Hereinafter called the BUYER or PURCHASER, agrees to BUY, upon the terms hereinafter set forth, the following Business:

**DESCRIPTION:**
**Iliana's Multiservice**   of
1446 Dorchester Avenue,
Dorchester, MA 02122
Said business shall include the inventory (as attached) and the licenses, rights and permits to be engaged in and to continue the current business which includes, but does not limit to the Authorized Dealership for cellular phone and service for AT&T, Nextel and T-Mobile; Sale of prepaid phone, cards and accessories; Sale and bill payment services of local phones; Sale and service of beepers; Mail box rental and services; Printing, copy and laminating services; Fax services and other related services and sale.

The business shall be free from all encumbrances, except:
   (a) Provisions of existing building and zoning laws;
   (b) Existing rights and obligations in party walls which are not the subject of written agreement;
   (c) All taxes and liens currently at the time of sale;
   (d) Easements, restrictions and reservations of records, if any, so long as the same do not prohibit or materially interfere with the current use of said premises

**TIME AND PERFORMANCE:**
The time and performance for the purchase shall be on or before   **June 5,   2004** at **10:00 AM** at 1448 Dorchester Avenue MA unless otherwise agreed upon in writing.

**POSSESSION AND CONDITION OF BUSINESS AND PREMISES:**
Full possession is to be delivered at the closing. The said premises to be in the same condition as is, with reasonable use and wear thereof expected and that the basement is in a broom sweep condition.

**EXTENSION TO TIME OF PREFORMANCE:**
If the SELLER is unable to make conveyance, or to deliver possession of the premises at the time or with the conditions agreed upon, then any payments made under this agreement shall be forthwith refunded and all obligations of the parties hereto, shall cease and this agreement shall be void without recourse to the parties hereto, unless the BUYER and SELLER agree to an extension for a period   15  days.

**ADJUSTMENTS:**
Collected fees, interests and other operation expenses (if any) may be apportioned and adjusted as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be.

**PERSONAL PROPERTY:**
All equipment, supplies and other tangible property owned by the SELLER now being used in connection with the maintenance and operation of the premises and not consumed in the ordinary course of operations prior to the sale shall be transferred in as in condition by the SELLER to the BUYER at the time of such delivery by bill of sale in customary form without additional cost or charge to the BUYER.

This sale includes the alarm system and payment for its service for the next seven months.

This sale excludes the photo copy machine which is currently on lease by the SELLER.

**PURCHASE PRICE AND TERMS OF PAYMENT:**
The agreed purchase price for this business is:     $23,500.00
**Twenty two thousand, five hundred ------------------------------------------/00dollars**

| | |
|---|---|
| $2,500.00 | Two thousand, five hundred dollars paid at the time of this agreement. |
| $7,500.00 | To be paid at the time of performance. |
| $3,500.00 | To be paid on or before July 31, 2004. |
| $10,000.00 | To be paid on or before December 31, 2004 |

This agreement is made and signed by the following parties:

_____          5/12/04
**SELLER: Ileana Valdez**                              Date:


_____          _____
**BUYER: Lucette Cameron**                         Date:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Ileana Valdes v. DEA__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    _690_ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

    _05-11300 NMG_

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Tony V. Blause Esq. BBO # 561059__
ADDRESS __15 Court Sq., Ste. 320, Boston, MA 02108__
TELEPHONE NO. __617 227 6060__

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ILEANA VALDEZ

**DEFENDANTS** DEA

(b) County of Residence of First Listed Plaintiff: NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) Tony V. Blaize
Law Offices of Tony V. Blaize
15 Court Sq. Suite 320 Boston 02108

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☒ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): Title 18 USC Section 983 (a)(7)
Brief description of cause: US Currency was seized from Plaintiff. Plaintiff states that funds were related to her business.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 46,950    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions) JUDGE ___    DOCKET NUMBER ___

DATE 6/22/05    SIGNATURE OF ATTORNEY OF RECORD /s/

**FOR OFFICE USE ONLY**

RECEIPT # ___    AMOUNT ___    APPLYING IFP ___    JUDGE ___    MAG. JUDGE ___